Richmond.

BAKER AND OTHERS V. LYNCHBURG NATIONAL BANK AND OTHERS.

(No. 1).

HENRY SILVERTHORN JEWELRY CO. V. LYNCHBURG NATIONAL BANK.

(No. 2).

January 11, 1917.

1. USURY—*Bonus For Loan.*—Plaintiff bank discounted a note of one of defendants for $6,730, endorsed by three other of defendants, upon condition that in addition to the legal rate of interest thereon the bank should be paid a debt of an insolvent concern to it, the assets of which concern defendant wanted to raise money by this loan to buy, but for which debt neither he nor any of defendants were in any way liable prior to the making of such condition by the bank. This debt of such insolvent concern proved to be $930.11, and was accordingly paid to the bank by defendants. Defendants paid only the legal rate of interest or discount on the face of the $6,730 note and on all renewal notes for portions of this debt, but the agreement and payment of the $930.11 bonus made the charge of the bank of interest on said loan evidenced by the note for $6,730 at a rate greater than that allowed by law and hence such $6,730 note was usurious.

2. USURY—*National Banks—Limitation of Actions.*—In an action instituted by a bank on an obligation which is usurious under 5198, U. S. Revised Statutes, there is no limitation of time within which the defense, given by the statute, may be made by the debtor. If he pleads and proves that the debt agreed to be paid is usurious, all interest on such debt, legal as well as illegal, is forfeited, and there can be no judgment rendered except for the principal only.

3. PAYMENT—*Reservation of Discount.*—The reserving of a dis-

count by a bank is not a payment by the debtor of interest on the loan.

4. PAYMENT—*Application of Payment.*—The settled rule is that the debtor may apply the payments when made. If he fails to exercise this right, the creditor may make the application, and if it is made by neither the debtor nor creditor, the duty then, and not otherwise, devolves upon the court when the question comes· before it. Accordingly, where in the case at bar the debtor made a payment of $730 when the $6,730 note fell due, not specifying how this payment was to be applied, and the bank applied $140.20 to the payment of discount reserved by it and the balance to the principal of such note, said item of $140.20 was not embraced in the renewal notes.

5. USURY—*National Bank—Remedy for Illegal Interest Paid or Reserved.*—Usurious interest paid to a national bank cannot be deducted from, or—what is the same thing—applied to the principal of the debt in an action by the creditor against the debtor; the remedy for recovery of usurious interest actually paid being an action under section 5198, Rev. Stats., U. S., to recover the penalty provided for thereby, and only that action, such remedy being made an exclusive remedy by such statute. And in the instant case $930.11 was really a payment to the bank and not a shift or device to conceal a reservation of that sum by the bank out of the original loan. Therefore, it being in fact a payment of interest at a rate greater than that allowed by law, it was not carried with or promised to be paid by the renewal obligations.

6. USURY—*Limitation of Actions—Section 5198 of United States Revised Statutes.*—In actions by the debtor under section 5198 of United States Revised Statutes, to recover the penalty of double the interest paid for which it provides a remedy, the two-year period of limitation begins to run from each actual payment of usurious interest; each such payment is "the usurious transaction" referred to in that part of the statute which gives such remedy; and the statute runs upon each separate payment of such interest, so that no penalty for any payment of interest made more than two years next before the commencement of the action can be recovered under the statute.

7. USURY—*Section 5198 of United States Revised Statutes—Amount of Recovery.*—In case of such payment of interest as is a "usurious transaction" under the statute, i. e., where the payment is at a rate greater than allowed by law—double the whole amount paid, legal as well as illegal interest, may be recovered.

27

8. USURY—*Action For Penalty Under Section 5198 of United States Revised Statutes.*—In an action by one of the defendants against the bank to recover from it the penalty provided by section 5198 of the U. S. Rev. Stats., of double the amount of interest at the legal rate paid by it to such bank on renewal notes covering portions of the $6,730 debt, within two years next preceding the institution of the action.

*Held:* That the payments of interest at the legal rate on the face of the renewal notes were not usurious transactions.

9. USURY—*Interpretation of Statutes.*—In the interpretation of statutes on the subject of recovery back of usurious interest, or of the recovery of a penalty for such payments, in fact made, the common law rule in favor of letting stand undisturbed payments of the principal actually lent and of legal interest actually made—and even payments of usury where not sued for within the period of the general statute of limitations applicable to actions of assumpsit—will not be held to be changed, except to the extent that the provisions of the statute law plainly make the change.

10. USURY—*Limitation of Actions—Section 5198 of United States Revised Statutes.*—The period of limitation upon the time within which suit must be brought to recover the penalty under section 5198 of U. S. Rev. Stats., begins to run from the date of each payment of interest and not from the payment of the whole debt.

Error to a judgment of the Corporation Court of Lynchburg in an action of debt. Judgment for the plaintiff. Defendant assigns error. Case No. 1.

Error to a judgment of the Corporation Court of Lynchburg in an action of debt. Judgment for the defendant. Plaintiff assigns error. Case No. 2.

*Affirmed.*

The opinion states the case.

*Amonette & Bailey* and *R. C. Blackford,* for the plaintiffs in error.

*Wilson & Manson,* for the defendants in error.

SIMS, J., delivered the opinion of the court.

These two actions at law were heard together in the court below; a jury was waived and all questions of law and fact were submitted to such court for decision.

The case above designated as No. 1 was an action of debt instituted by the Lynchburg National Bank—hereinafter referred to as "bank"—against the appellants—hereinafter referred to as "defendants"—to recover $1,984.17, balance due of principal and certain interest thereon agreed to be paid by three negotiable notes sued on, and $1.74, protest charges on one of such notes.

Defendants filed a plea of usury.

The usury proved was this: On March 29, 1911, the bank discounted a note of E. M. Baker, one of defendants, at four months, for $6,730, endorsed by three other of defendants, upon condition that in addition to the legal rate of interest thereon the bank should be paid a debt of an insolvent concern to it, the assets of which concern Baker wanted to raise money by this loan to buy, but for which debt neither E. M. Baker nor any of defendants were in any way liable prior to the making of such condition by the bank. E. M. Baker and certain of the defendants thereupon, and subsequently the remainder of the defendants afterwards coming into the transaction in privity with said Baker, agreed to such condition. This debt of such insolvent concern proved to be $930.11, and was accordingly paid to the bank by defendants on May 3, 1911.

Defendants paid only the legal rate of interest or discount on the face of the $6,730 note and on all renewal notes for portions of this debt, but said agreement and payment of the $930.11 bonus made the charge of the bank of interest on said loan evidenced by the note for $6,730 at a rate greater than that allowed by law and hence made such $6,730 note usurious.

Two of the notes sued on were for $2,000 each, subject to certain credits of payments of principal. Such payments amounted to $2,000 on one of such notes—paying the principal in full, but leaving unpaid interest thereon from its due date, March 25, 1914; and to $515.03 on the other of such notes, leaving unpaid $1,484.97 principal and interest on $2,000 from its due date, February 22, 1914. These two notes had their origin in said $6,730 note. The latter was reduced to the amount evidenced by these notes by certain payments from time to time.

The remaining note sued on was for $500, and was not affected by the usurious transaction mentioned.

Hence, by the notes sued on there was agreed to be paid $1,484.97, principal of, and certain unpaid interest on, said usurious debt and $500 of principal of a different debt, unaffected by the uruary, making $1,984.97 of principal and protest charges of $1.74 on the $500 note.

Reference to the fact that another separate note was on March 29, 1911, given to the bank for part of the $930.11 is omitted as an immaterial circumstance.

With respect to the payments which had been made on said $6,730 note, the following only need be here said: At the time the bank discounted such note, on March 29, 1911, it retained the discount of $140.20 on it, which was at the legal rate on its face, and paid over or placed to the credit of E. M. Baker (which was the same thing in effect) only $6,589.80. When the $6,730 note first fell due, July 31, 1911, $730 was paid to the bank on account of this note— not specifically applied by defendants to discount and principal, but which the bank applied as follows: $140.20 to the payment of said discount reserved by it as aforesaid, included in the face of and agreed to be paid by the note; and $589.80 to the principal of such note, reducing it to the principal amount of $6,000. All subsequent payments made of interest and principal were specifically paid

by defendants to be applied—and hence were applied by defendants—just as they were applied by the bank.

The court below entered judgment in case No. 1 for the plaintiff for the sum of $1,986.71, with interest on $1,984.97, part thereof, from December 20, until paid.

This action of the court below is complained of and made the basis of two assignments of error before us, which are in effect that in addition to the forfeiture of all interest *agreed to be paid* by said two notes sued on which were affected by their usurious origin, there should have been deducted from the amount sued for—

1. The said $140.20 discount retained or reserved by the bank on said original loan, and

2. The further deduction of said $930.11 bonus, paid as aforesaid, with interest thereon.

The case designated as No. 2 above, was an action of debt instituted on December 22, 1914, by the appellant—one of the appellants in case No. 1—hereinafter referred to as the jewelry company—against said bank, to recover from it the penalty provided by section 5198 of the United States statutes of double the amount of interest paid by the jewelry company to such bank on renewal notes covering portions of said $6,730 debt, within two years next preceding the institution of such action,—being payment to said bank of discount on three renewal notes of defendants (said two $2,000 notes and a $1,000 note), unpaid within such two year period, on which such instalments of discount were demanded by the bank and paid by the jewelry company when such renewal notes were from time to time accepted by the bank.

None of these payments included a greater rate of interest than one-half of one per cent. for thirty days on the face of such renewal notes. This rate the bank had the legal right to charge and receive in advance under section 5197 United States Revenue Statutes.

As above stated, all of these payments were specifically paid by the jewelry company to be applied, and they were applied by the bank, to the discharge of the instalments of discount which were paid as aforesaid. These payments within said two year period aggregated $324.38, and the penalty sued for was $648.76.

Question was raised by the bank in this action as to the right of the appellant to maintain the action; but the lower court refrained from passing on it and decided the case against the appellant on its merits. It is unnecessary for us, therefore, to pass on such question as our conclusion is the same on the merits of the case.

The judgment of the court below in this case No. 2 dismissed the action of the jewelry company with costs against it. This action of such court is complained of and made the basis of one assignment of error, which is the third assignment of error we have to consider, namely:

3. That the trial court erred because it did not enter judgment in favor of appellant in case No. 2 for twice the amount of interest paid to the bank within two years prior to the institution of such action.

We will consider the assignments of error in the order stated above—first the two in case No. 1 and lastly that in case No. 2.

Both of these cases are governed and depend for their right decision upon the proper construction of said section 5198 of U. S. Rev. Statutes. This statute is as follows:

"The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature

of an action of debt, twice the amount of interest thus paid from the association taking or receiving the same; provided such action is commenced within two years from the time the usurious transaction occurred. That suits, actions and proceedings against any association under this title may be had in any circuit, district, or territorial court of the United States held within the district in which such association may be established, or in any State, county or municipal court in the county or city in which said association is located having jurisdiction in such cases."

As will be observed, this statute has to do with two classes of cases:

*First.* Where there is an action instituted by the bank on an obligation which is usurious—in which case the bank must forfeit *the entire interest* agreed to be paid by the obligation but not in fact paid, and can recover only the principal of the debt agreed to be paid by the obligation sued on.

*Second.* Where there is an action by the borrower to recover the penalty provided by the statute of double the amount of a greater rate of interest than allowed by law which has been in fact paid—in which case the action must be commenced within two years "from the time of the usurious transaction."

Case No. 1 is of the first class; Case No. 2 is of the second class.

In the former case there is no limitation of time within which the defense, given by the statute, may be made by the debtor when sued by the bank. If he pleads and proves that the debt agreed to be paid is usurious, all interest on such debt, legal as well as illegal, is forfeited, and there can be no judgment rendered except for the principal only sued for.

So far there is no controversy between counsel for appellants and appellees as to the proper construction of this statute.

Coming now to the consideration of the first assignment of error, namely:

1. That the said $140.20 discount retained or reserved by the bank on said original loan should have been deducted from the said amount of $1,484.97 agreed to be paid, which is sued for in case No. 1.

It is true, as counsel for appellants contend, that the reserving of this discount by the bank was not a payment of it. *McCarthy* v. *First Nat'l Bank,* 223 U. S. 493, 32 S. Ct. 240, 56 L. Ed. 323. This $140.20 was, therefore, embraced in the original $6,730 note. Counsel contend that it continued to be embraced in the succeeding renewal notes and was embraced in the two $2,000 notes sued on. This depends upon the application of the payment of $730 which was made July 31, 1911. As we have seen above this payment stands alone as the single payment which was not specifically applied by the debtor making it. It was merely a general payment on the debt. The bank applied $140.20 of it to the payment and discharge of such item of discount. If that was a legal application, such item was not thereafter embraced in succeeding renewal notes nor in the two $2,000 notes sued on. Counsel for appellants claim that the creditor cannot make such an application in such case without the assent of the debtor, and that the court will apply the payment to the principal of the debt, and cite the cases of *Danforth* v. *Nat'l State Bank of Elizabeth* (C. C. A. 3d Cir.) 48 Fed. 271, 1 C. C. A. 62, 17 L. R. A. 622 and *Citizens Nat'l Bank* v. *Gentry,* 111 Ky. 206, 62 S. W. 454, 757, 56 L. R. A. 673, which sustain this position according to the rule in those jurisdictions. However, aside from the assent of the debtors to the application of the payments in question, evidenced in the instant case by their

acquiescence therein for over three years before these suits, the prevailing rule is different. As said by Judge Keith, in delivering the opinion of this court in *Munford* v. *McVeigh,* 92 Va. at pp. 462-3, 23 S. E. 857, 863, in reference to this question of payments on an usurious debt:

"The settled rule upon this subject is that the debtor may apply the payments when made. If he fails to exercise this right, the *creditor may make the application,* and if it is made by neither the debtor nor creditor, the duty then, and not otherwise, devolves upon the court when the question comes before it." (Italics supplied).

Therefore, the bank had the right to make the application it did of said $730 payment, which paid off said item of $140.20 on May 3, 1911, so that it is not embraced in said two $2,000 notes sued on. Hence there is no merit in the first assignment of error.

We come now to the second assignment of error, namely:

2. That the further deduction of said $930.11 bonus paid as aforesaid, with interest thereon, should have been made from said amount of $1,484.97 agreed to be paid, which is sued for in case No. 1.

Counsel for appellants contend that this bonus should be deducted from the principal of the money actually loaned by the bank, claiming that it cannot be considered as illegal interest *paid,* but must be considered as money *reserved* by the bank on the original loan. They admit that if it was money *paid to* and *not reserved by* the bank, it would be properly regarded as illegal interest paid, *i. e.,* as "a rate of interest," which said section 5198 condemns, and that their contention cannot be maintained, because they further admit that it is well settled by decisions of the Supreme Court of the United States that usurious interest paid cannot be deducted from, or—what is the same thing —applied to the principal of the debt; the remedy for recovery of usurious interest actually paid being an action

28

under said section 5198 to recover the penalty provided for thereby, and only that action, such remedy being made an exclusive remedy by such statute. *Barnett* v. *Nat'l Bank,* 98 U. S. 555, 25 L. Ed. 212; *Brown* v. *Marion Nat'l Bank,* 169 U. S. 416, 18 S. Ct. 390, 42 L. Ed. 801; *Dresbach* v. *Nat'l Bank,* 104 U. S. 52, 26 L. Ed. 858; *Hazeltine* v. *Bank,* 183 U. S. 134, 22 S. Ct. 50, 46 L. Ed. 118.

It is true that if this transaction was in fact a reservation by the bank of the $930.11, and the device of making it appear as a separate payment to the creditor as a bonus, was only a shift to disguise the real transaction, the court would deal with the real transaction; in which case the $930.11 would be in effect discount reserved by the bank, just as the item of $140.20 above mentioned was discount reserved by the bank, and the $930.11 would have been carried with the $6,730 note or promised to be paid thereby; and since such $930.11 was not subsequently paid off, as the $140.20 item was, the position of counsel for appellants would be correct; that this $930.11 would be still carried with the said renewal notes sued on and promised to be paid thereby, (*Scurry* v. *Freeman,* 2 Bos. & Pul. [Eng. Reprint] 381, cited and relied on by counsel for appellants), and could not be recovered in the action by the bank on such notes, but should be deducted from the face of such notes.

The issue is one of fact. No particular importance is to be attached to any single circumstance attending the transaction, such as that the $930.11 was not paid until May 3, 1911, over a month after the original loan, nor any other matters of mere form, because the shifts and devices by which the real nature of such transactions may be sought to be concealed are innumerable. But without recounting in detail the actual circumstances of the transaction in the instant case, it is deemed sufficient to say that it is clear from the whole of it that the $930.11 was really a payment

to the bank and not a shift or device to conceal a reservation of that sum by the bank out of the original loan.   Indeed, it is not even contended by counsel for appellants that it was not a payment in fact, but the court is asked to arrive at the fact that it was not, by construction, on the theory that such a shift or device was possible.   The answer to this is that, while it is true that the court will be alert to look beneath the surface for the true nature of the transaction, it will not by any constructive reasoning assume that a different state of facts exists from that affirmatively shown to exist by the proof in the case.   In *Scurry* v. *Freeman, supra,* the pretended payment was plainly in fact a reservation by the lender of the bonus in excess of the legal interest and not in truth a payment of it.

Therefore, the $930.11 being in fact a payment in the instant case of interest at a rate greater than that allowed by law, it was not carried with or promised to be paid by the obligations in question sued on, and hence could not be set off or deducted from the said amount agreed to be paid by such obligations.

Therefore, we cannot sustain the second assignment of error.

We take up now the third and only remaining assignment of error, which is as follows:

3. That the trial court erred because it did not enter judgment in favor of appellant in case No. 2 for twice the amount of interest paid to the bank within the two years prior to the institution of such action.

It will be remembered from the above statement of facts that all of the interest paid in the instant case within said two years was in the shape of discount on the notes affected by the usury, renewed within this period, and all of it was at the legal rate, computing same on the face of such notes.

It is now well settled that in actions by the debtor under this statute to recover the penalty of double the interest paid for which it provides a remedy, the said two year period of limitation begins to run from each actual payment of usurious interest; that each such payment is "the usurious transaction" referred to in that part of the statute which gives such remedy; and that the statute runs upon each separate payment of such interest, so that no penalty for any payment of it made more than two years next before the commencement of the action can be recovered under such statute. *McCarthy* v. *First Nat'l Bank,* 223 U. S. 493, 32 S. Ct. 240, 56 L. Ed. 523.

It should be noted, however, that all the payments of interest involved in the case last cited were payments at a greater rate than was allowed by law on the face of the obligation; so that the precise point involved in the instant case, namely, whether interest paid at the legal rate on the face of the obligation was usurious, was not involved in that case.

Under the rule estabished by the *McCarthy* v. *First Nat'l Bank* case the recovery of any penalty for the payment of the $930.11 bonus on May 3, 1911, if that were sued for, was barred. It is not sued for, however, but the payments within said two years of interest or discount, at the legal rate on the face of the renewal notes in question are sued for.

This raises the interesting and, it seems, novel question, with respect to the construction of said federal statute, section 5198, whether such interest is "the greater rate of interest" than allowed by law—*i. e.,* usurious interest payments—for which such United States statute provides the remedy of recovery of "twice the amount of the interest thus paid."

Was each of such payments a "usurious transaction?"

It is true that it is also well settled that in case of such payment of interest as is a "usurious transaction" under such statute, *i. e.,* where the payment is at a rate greater than allowed by law—double the whole amount paid, legal as well as illegal interest, may be recovered. *First Nat'l Bk.* v. *Watt,* 184 U. S. 151, 22 S. Ct. 457, 46 L. Ed. 425. But it is also true by the very terms of the statute, that the payments themselves, the statutory penalty for which the action is brought in the instant case, must each have been respectively a "usurious transaction," else the statute does not provide a remedy for their recovery. Hence, the ques-. tion remains, were the payments of interest at the legal rate on the face of the obligations in the instant case, respectively, usurious transactions.

The rule set forth in Webb on Usury, section 308, is urged upon us, which is as follows: "If a transaction is usurious in its inception, it remains usurious until purged by a new contract; and all future transactions connected with or growing out of the original are usurious and without valid consideration. An original taint of usury attaches to the whole family of consecutive obligations and securities growing out of the original vicious transaction; and none of the descendant obligations, however, remote, can be free of the taint if the descent can be fairly traced." .

Under this rule, the principal as well as all interest on the notes sued on would be forfeited.

An examination has been made of the numerous decisions cited by the author to support the text quoted. They are without exception, where at all in point, cases of suits on the obligation by the holder of it against the debtor, where the aid of the court is sought to enforce an obligation to pay money agreed to be paid but not in fact paid; not of a debtor asking the aid of the court to disturb a transaction which is closed by his own act and to recover back what he has in fact paid.

The rule quoted from Webb on Usury, and of the cases which support it, is based on the fact that the usury statutes of the jurisdiction of such cases, which controlled their decision, made the usurious obligation absolutely void. When a suit is on a void obligation, there is no halfway ground that the court can take of allowing recovery of what *ex aequo et bono* should be recovered. The whole recovery must be denied because there is no obligation on which any recovery can be based. It is true the federal statute (sec. 5198) has this same effect to the extent of "the entire interest". in case of a suit by a national bank on a usurious obligation, and on all renewals of it, as is now well settled; but this is because of the express enactment of the statute that the "entire interest" which the obligation carries with it, or which is *"agreed to be paid,"* on the obligation, shall be forfeited. (Italics supplied). *Brown* v. *Marion Nat. Bk.,* 169 U. S. 416, 18 S. Ct. 390, 42 L. Ed. 801, and numerous other cases cited in note 5 Ed. Stat. Anno., p. 135.

With respect to suits to recover on obligations tainted with usury, therefore, to the extent that the obligation to pay any interest is void, the text quoted from Webb on Usury, and the said federal statute, rest upon the same principle, namely, that there can be no recovery upon a void obligation.

But with respect to suits by the debtor to recover the penalty provided by the statute, there is no enactment that double the "entire interest" *paid* can be recovered. In suits of the latter class, the statute itself gives the right of action and a wholly different principle is involved.

As said in the case of *Lynch* v. *Merchants National Bank,* 22 W. Va. 554, 46 Am. Rep., at p. 525, cited by counsel for appellants, where such case refers to some of the cases of suits on the usurious obligation, or. on renewals of it, which construe the federal statute with respect to such

suits, as above noted: "But all the cases relied on by plaintiff in error were actions or suits by the bank to recover the loan from the borrower  *  *  *  None of them were actions by the borrower against the bank to recover the penalty for taking illegal interest, and therefore they are not authority upon the question in the case at bar, which is an action by the borrower against the bank to recover such penalty."

There are other reasons than those above mentioned, why the lines of authorities applicable to suits on usurious obligations have no application to suits to recover back interest after it has been in fact paid, or the penalty provided by statute for payment of usurious interest. Among them the following are important: The former suits concern executory contracts, which the court is asked in effect to enforce; the latter executed contracts, which the court is asked, in effect, to set aside and compel one of the parties thereto to part with what has been paid to him by the very person asking the court to undo what he himself has done.

At common law, an action of *assumpsit* would lie by the borrower to recover back interest paid at a greater rate than that allowed by the usury statutes; although no action whatever would lie by the lender to recover anything on the usurious obligation. But in such an action at common law by the borrower he could recover only the excess over the legal rate of interest paid; (Tyler on Usury, p. 2124); *Kendall* v. *Davis,* 55 Ark. 318, 18 S. N. 185) ; and could recover only those payments of such excess of interest as were made within the period of the statute of limitations governing such action. Other payments of excess over legal interest, and payments of principal and all legal interest thereon, after they were in fact made, were allowed to stand, although by action on the usurious obligation the lender could not have enforced any such payments.

The rule at common law was the same upon a suit in equity by the borrower. (*Munford* v. *McVeigh, supra*).

Similarly, when we come to interpret statutes on the subject of recovery back of usurious interest, or of the recovery of a penalty for such payments, in fact made, the common law rule in favor of letting stand undisturbed payments of the principal actually lent and of legal interest actually made—and even payments of usury where not sued for within the period of the general statute of limitations applicable to actions of *assumpsit*—will not be held to be changed, except to the extent that the provisions of the statute law plainly make the change.

In other words, the inquiry, upon the construction of said federal statute, section 5198, is: What effect does the penalty side of this statute have upon actual payments of interest, or bonus, which have been in fact made by the borrower—not mere fictitious payments which were shifts or devices to conceal the true nature of the transaction, but where the usury was in fact *paid* and not reserved? Does this statute intend to disturb such payments and, by a fiction indulged in, make a different application of them than was in fact made by both the debtor and creditor?

We do not think it so intends.

We have seen from the quotation above from the case of *Munford* v. *McVeigh, supra,* what the settled prevailing rule on this subject is, even in cases of suits by the creditor to enforce the executory usurious obligation to pay the money thereby agreed to be paid. *A fortiori* we would not expect the statute we are considering to intend to disturb such payments in cases of suits to recover the penalty of payment back of double the amount of such payments actually made, further than the terms of the statute plainly so require.

We cannot agree, therefore, with the reasoning of counsel for appellants, in the instant case, that "the same prin-

ciples govern whether the forfeiture clause or that for the recovery of the penalty is relied on" of said statute 5198. As indicated above, in our view of the subject there is a wide difference between the principles governing in the application of the one side of said federal statute from those governing in the application of the other side of it. We must construe such federal statute in the light of this difference in the principles applicable to the two sides of it.

When its correct meaning is ascertained, that side of said statute allowing recovery of the penalty thereby provided must govern and determine the decision of case No. 2 before us.

As is said in *Barnett* v. *National Bank,* 98 U. S. 558, 25 L. Ed. 212: "The statutes of Ohio and Indiana upon the subject of usury may be laid out of view. They cannot affect the case. Where the statute creates a new right or offense, and provides a specific remedy or punishment, they alone apply. Such provisions are exclusive. *Farmers and Mechanics Bank* v. *Dearing,* 91 U. S. 29, 23 L. Ed. 196."

Counsel for appellants have cited no case of an action under section 5198 aforesaid for the penalty provided thereby, where the recovery of interest paid at only the legal rate on the face of the debt was allowed. We have been able to find only one such case. That is the case of *Louisville Trust Co.* v. *Kentucky Nat. Bank* (C. C.), 102 Fed. 442, which, however, does not base its holding upon the idea that such payments were themselves usurious or constituted respectively an "usurious transaction;" but upon the authority of *McBroom* v. *Scottish Investment Co.,* 153 U. S. 318, 14 S. Ct. 852, 38 L. Ed. 729. The latter case did not arise under said Federal statute but under the usury statute of the Territory of New Mexico. In it Mr. Justice Harlan, delivering the opinion of the court, held that the period of limitation upon the time within which suit must be brought to recover back payments of usurious interest did not begin

29

to run at the time of the payment of the usurious interest, but from the payment of the whole debt; that until the whole debt was paid the court would not consider payments of illegal interest as paid as usury, although they were so paid in fact; because a *locus penitentiae* should be left open for the lender—the latter might repent at any time before the principal actually loaned should be paid, and might credit usurious payments in a legal way on the debt, or treat them as having been paid on the principal, or else refund the usurious payments outright. That is to say, the payments which were in fact made by the debtor and accepted and applied by the creditor as usury, were treated by the court as not so made or applied, but by a fiction indulged in by the court, were considered to be unapplied and left to so stand subject to be applied later, should the creditor repent, as payments of interest at the legal rate, or as credits on the principal, so as to leave open a *locus penitentiae* to the creditor.

A position in effect the same is taken by counsel for appellants before us when it is urged upon us that the $930.11 in fact *paid* as a bonus or illegal interest by the jewelry company and accepted and applied by the creditor bank as usury, should be treated by the court as "a part of the original loan until paid". (that is, as held unapplied by the debtor and creditor but to be applied by the court, on account of legal interest on such loan) or applied by the court as a credit on the principal of such loan,—that is, as if it had been reserved by the bank as discount—so that the effect would be to render the payments of discount made within two years next before the action in the instant case include interest on such *reserved* amount, which would make the discount so paid at a usurious rate on the unpaid balance of such debt thus ascertained; notwithstanding the fact that the latter payments were made at the legal rate as in fact made and applied by both creditor

and debtor; and notwithstanding the fact that the $930.11 was in fact *paid* to and not *reserved* by the bank.

Such fictions were held by the Supreme Court of the United States in the case of *McCarthy* v. *First National Bank, supra,* to have no place in the construction of the federal statute, section 5198; it being held by such case that, "There was no *locus penitentiae*," unless the creditor by some act in declining to accept an usurious payment thereby evidences an actual repentance; that the said two year period of such statute, section 5198, began to run from the date of each payment of interest, which was at a greater .rate than allowed by law, in actions to recover the penalty thereby provided for such payments; and the decision in *McBroom* v. *Scottish Investment Co., supra,* was overruled in so far as it could have any effect upon the construction of section 5198, in the following language:

"Those courts which hold that the statute begins to run from the payment of the debt, instead of the payment of the interest, have been influenced by statements of Mr. Justice Harlan in *McBroom* v. *Scottish Investment Co.,* 153 U. S. 318, 14 S. Ct. 852, 38 L. Ed. 729, which involved the usury statute of the Territory of New Mexico. That act differed in several respects from Rev. Stat., sec. 5198. But that case did not rule that in a suit under the act of Congress the statute did not run from the date usury was paid and received as such \* \*"

Thus the case of *Louisville Trust Co.* v. *Ky. Nat. Bank, supra,* resting upon the authority of the case of *McBroom* v. *Scottish Investment Co., supra,* was in effect rendered of no authority on the point we have under consideration.

Counsel for appellants cite only two cases of actions by the debtor against the creditor (which, however, were not brought under said federal statute), namely:

The English case of *Scurry* v. *Freeman,* 2 Bos. & Pul. 381 (Eng. Reprint), above referred to, in which the facts were

that 500 pounds were formally paid over by the lender to the borrower, but the latter immediately handed back fifty pounds of it to the son of the lender at the request of the latter and executed his obligation later to the lender for five hundred pounds and interest thereon at the legal rate of five per cent. per annum. This was, in effect, fifty pounds *reserved* by the lender as discount on the loan, and the device or shift referred to did not conceal the true nature of the transaction. Hence, the obligation in question carried with it or promised to pay (under a like rule as that established in *McCarthy* v. *First National Bank, supra*) the fifty pounds discount, and it was held that every payment of the interest was at a rate greater than allowed by law or was a payment of usury, although at the legal rate on the face of the obligation. This was so because the interest paid included interest on the fifty pounds which was *never paid* in that case, but only reserved by the lender and promised to be paid by the borrower. The report of this case does not give the statute under which it arose nor show for what amount the action was brought; but it was an action *qui tam* and evidently for the recovery of the penalty provided by the English usury statute, possibly 12 Ann. C. 16 (4 Stat. at Large, p. 247), or a similar statute. If it be assumed that the legal principle involved was the same as that which arises under the said federal statute in the instant case—which seems likely to be true—still, as noted above in considering the assignment of error with respect to said $930.11 bonus payment in case No. 1 before us, the instant case is different from that of *Scurry* v. *Freeman,* in that it differs in its facts, For the reasons stated above in connection with said assignment of error, the $930.11 was not reserved in the instant case by the borrower—was not carried with the usurious obligations sued on or promised to be paid thereby, so that the interest payments sued for did not include in-

terest on the $930.11. Therefore, the interest payments sued for in the instant case were not on the $930.11 *paid*, as they were on the fifty pounds *reserved* in the *Scurry* v. *Freeman* case, and hence the latter case is not in point.

The other case cited of an action by the debtor against the creditor is that of *Oyster* v. *Longnecker*, 16 Pa. St. 269. This also was a *qui tam* action to recover the penalty provided by the Pennsylvania usury statute enacted March 2, 1723, which is given in the report of the case. The penalty provided by this statute for the taking, or receiving, of usury was the forfeiture of the whole debt, the provision as to this being that "upon conviction thereof, the person or persons so offending shall forfeit the money or other things lent, one-half thereof to the Governor for the support of the government and the other half to the person who shall sue for same by action of debt," etc. The statutory period of limitation on such suit for the penalty, provided by another and general statute of limitations, was one year from the commission of the offense of taking or receiving a payment of usury. The facts in the case were that $700 were formally paid over by the lender to the borrower, but the latter immediately handed back to the former $35 and executed his obligation for the $700. There was but one payment made on this debt, which was of the whole $700 and interest on the face of it at the legal rate; and this whole payment was made within one year next before the action was instituted. The court held that the $35 bonus was in effect discount reserved, which was carried with and promised to be paid by the obligation, but not in fact paid at the time of the original transaction; that it was not paid until the payment of the $700 and interest thereon was made by the debtor, which was within the statutory period of limitation, and as such payment then included interest on the $35.00 discount reserved, the interest paid was at a rate greater than allowed by law, was a

payment of usury and the plaintiff was entitled to recover. This case, therefore, is not in point.

There are two other cases only cited by counsel for appellants on the point under consideration, neither of which are in point.

The case of *Smith* v. *Parsons,* 55 Minn. 520, 57 N. W. 311, was an injunction suit and involved the right of the creditor to recover on a usurious obligation which carried with it and promised to pay the bonus agreed to be paid. It did not involve any question of the right of the debtor to recover from the lender any usury in fact paid, and hence is not in point.

The case of *Hutchinson* v. *Herrick,* 58 Minn. 473, 59 N. W. 1103, involved the same question as in the case last above referred to, and hence is not in point.

The quotation from 29 Cyc. by counsel for appellants on the subject of usury has reference to suits on the usurious obligation and hence is not in point.

Furthermore:

There is a line of cases of actions on renewal obligations for balance left due of an originally usurious debt after application of payments sufficient in amount to pay off and discharge all of the usury, which hold that in such situation the renewal obligation is purged of the usury and there may be recovery upon it in suits by the creditor against the debtor. With reference to this line of cases Webb on Usury, sec. 310, says:

"If a partial payment is made upon the usurious note amounting to the usury and a new note be afterwards given for the balance, such new security cannot be avoided as usurious"—citing several cases.

To the same effect are the following cases not cited by this author, namely: *Darling* v. *Marsh,* 22 Me. 184; *Postlewaite* v. *Garrett,* 3 T. B. Mon. (Ky.) 346; *Fowler* v. *Garrett,* 3 J. J. Marsh, (Ky.) 681; *Pierce* v. *Conant,* 25 Me. 33.

The rule of these authorities, as noted, is applied even in cases of suits by the creditor on the executory contract in question. But they were not controlled by such a statute as said section 5198 with its phraseology with respect to the forfeiture of "the entire interest;" and hence, we do not consider that such rule would be applicable to a suit by a national bank on the executory obligation. But we do think that this rule should apply to suits by the debtor to recover the penalty provided by the statute, because the policy of such statute with respect to leaving undisturbed all payments of interest actually made and applied, is in acordance with the principle underlying such rule.

The $930.11 was a payment made by the debtor in the instant case to be applied, and it was in fact applied by the creditor, to the payment and discharge of the only usury that was in fact charged by the creditor or paid by the debtor; the renewal notes in question for interest payments on which action in case No. 2 before us was instituted were afterwards given for the balance of the debt. It is contrary to the policy of the law, with respect to leaving undisturbed executed contracts, even when usurious in their origin, and payments actually made thereon, acquiesced in by the borrower for a time beyond that of the statutory period of limitation on suits to recover back usurious payments on the penalty for receiving same, that the debtor should be allowed to go behind his action in giving such renewal obligation for the purpose of setting aside the application of prior payments which he himself made and applied and which by the giving of such renewal obligations he has again affirmed.

We think, therefore, that the authorities last cited rest in principle upon the policy of the law to which we have just referred and strengthen the positions we have above taken as to the underlying principles governing the con-

sideration of the federal statute, section 5198, on the penalty side of it.

Hence, we conclude, upon these authorities and upon the principles and authorities referred to above, that there is no merit in the third and last assignment of error.

We are, therefore, of opinion, for reasons stated above, that there is no error in either of the judgments complained of and they will be affirmed.

*Affirmed.*