Charles W. HURLEY, Appellant,

v.

NATIONAL BANK OF COMMERCE,
Appellee.

No. 18685.

Court of Civil Appeals of Texas,
Dallas.

Oct. 15, 1975.

Rehearing Denied Nov. 13, 1975.

Wm. Andress, Jr., Andress, Woodgate & Lodewick, Dallas, for appellant.

Joe B. Harrison, Wynne & Jaffe, Dallas, for appellee.

GUITTARD, Justice.

This is an action by Charles Hurley against National Bank of Commerce for twice the amount of the interest paid on a loan alleged to be usurious, and for interest on a sum of money deposited with the bank. Hurley claims interest on the money under an oral agreement notwithstanding a provision in the certificate of deposit that the amount deposited should bear no interest. The trial court rendered summary judgment for the bank on the grounds that the usury claim was barred by limitation and that proof of the interest claim is barred by the parol evidence rule. We agree that the usury claim is barred, but we disagree and reverse with respect to the interest claim.

### Usury

The principal amount of the loan was ostensibly $454,669.32, represented by a note signed by Hurley payable to the bank, and dated July 14, 1967. This note provided for interest at the rate of seven and one-half percent per annum, and both principal and interest were payable in equal monthly installments of $7,861.24 each over a period of six years. The note specifically provided that each installment "shall be applied and credited first in payment of interest accrued on the balance of principal hereof at the time outstanding, and then in reduction of the principal balance hereof." Hurley alleges that as a part of the original transaction he agreed to maintain on deposit in the bank balances totalling $100,000. His deposition testimony tends to support this allegation.

Hurley's theory of recovery is that the requirement to maintain these compensating balances reduced the effective principal amount of the loan by $100,000, and that the interest paid, when computed on this reduced amount, was greater than the ten percent permitted to national banks by 12 U.S.C.A. § 85 (1945).[1] The bank, however, did not receive all the interest paid on the loan. On April 14, 1969, the bank assigned the note to KWTX Broadcasting Company, and all payments after that date were made to the assignee. Hurley's claim for usury is limited to the interest paid to the bank before that date. This claim was first asserted in a pleading filed May 15, 1974. In defense to this claim, the bank pleaded the two-year limitation provided by 12 U.S.C.A. § 86 (1945).[2]

We agree with the trial court's conclusion that the usury claim is barred by limitation. For present purposes we assume, without deciding, that the loan in question was usurious because of the requirement of compensating balances. We hold, however, that limitation bars Hurley's cause of action against the bank for usury penalties with respect to interest payments

---

1. This statute allows a national bank to charge interest "at the rate allowed by the laws of the State . . . where the bank is located . . . ." In Texas the maximum of ten percent is prescribed by Tex. Rev.Civ.Stat.Ann. art. 5069 1.02 (Vernon 1971).

2. This statute provides a penalty of twice the amount of the interest paid, but adds: "*Provided,* That such action is commenced within two years from the time the usurious transaction occurred."

made to the bank before assignment of the note.

■ In order to avoid the bar of limitation, Hurley relies on the rule of *locus poenitentiae,* according to which a lender who has not yet received any interest, but has reserved a discount in an amount greater than the lawful interest, may avoid the penalties of usury by treating the loan at maturity as one for the principal amount actually advanced, provided he collects no more than lawful interest on that amount. Hurley cites *Smith v. First National Bank,* 42 Neb. 687, 60 N.W. 866, 867 (1894) for its quotation of this rule as stated in *National Bank v. Davis,* 17 Fed.Cas.No.10,038, p. 1207. We conclude that the facts of the present case do not permit application of the rule of *locus poenitentiae.* The payments which Hurley now characterizes as usurious interest, and for which he seeks recovery of double the amount paid as usury penalties, were actually made to the bank and credited as interest more than two years before the usury claim was first asserted. Indeed, Hurley must treat his payments to the bank as including interest in order to have any sort of claim against the bank for usury. His claim is untenable under controlling decisions holding that after receipt of payments which the parties understand and intend to be applied as interest, no *locus poenitentiae* exists, and that if such interest is greater than the lawful maximum, the limitation period on the claim for usury penalties begins to run on each payment from the time it is made. *McCarthy v. First National Bank,* 223 U.S. 493, 499, 32 S.Ct. 240, 241, 56 L.Ed. 523 (1912); *cf. Stout v. Ennis National Bank,* 69 Tex. 384, 8 S.W. 808, 810 (1887). Even in *Smith v. First National Bank, supra,* which Hurley cites, the Nebraska court refused to apply the *locus poenitentiae* rule to a case in which actual payment of usurious interest was received by the bank.

■ Hurley's contention would require us to extend the *locus poenitentiae* principle beyond any of the cases in which it has been recognized. He argues that no cause of action for usury arises so long as the aggregate amount of the payments does not exceed the principal sum originally advanced because the lender may elect to treat all payments up to that time as return of principal and may forego the interest or reduce it to a lawful amount. We cannot agree. Such a method of purging usury from interest payments already made is not permitted under the federal statute, according to the decisions above cited. Neither is it permitted by Texas law. *Southwestern Investment Co. v. Hockley Seed and Delinting, Inc.,* 516 S.W.2d 136 (Tex.1974).

## Interest on Deposit

Hurley's claim for interest on the $65,000 deposit rests on a more substantial ground. According to his deposition, as quoted by the bank in support of its motion for summary judgment, the compensating balances he was required to maintain included this $65,000, which was not actually in hand at the closing of the loan on July 14, 1967, but was "in transit." He testified that the bankers told him that these funds would be transferred when received to a non-interest-bearing certificate of deposit and that when the note was paid down so that the compensating balances reached a satisfactory level, "we could redo it or put the money into a savings account or whatever was agreeable with both of us at the time." According to Hurley, the term of the certificate was not discussed, and he was not informed that it would be for a six-year term, but he had the impression that it would be a demand certificate.

Hurley's testimony in this regard is corroborated by the documentary evidence. The security agreement he signed at the time of closing the loan describes the collateral as "Certificate of Deposit #   in the amount of $65,000.00." [3] The record also contains an ordinary deposit receipt dated

---

3. Hurley also signed a security agreement covering a certain airplane and an assignment of rents on such airplane.

July 17, 1967, crediting Hurley's account with $65,000. The certificate of deposit in question is dated July 24, 1967. It is signed by the cashier and is payable to Hurley's order "6 Years after date with interest at the rate of *None* % per annum." Apparently the bank debited Hurley's account for this amount. The certificate was not delivered to Hurley or endorsed by him, and so far as the record shows, it was never exhibited to him until the present controversy arose.

Hurley contends that when the bank assigned the note, his obligation to maintain compensating balances ended, that the bank was then obligated under the oral agreement to "redo the certificate" so as to put it into a savings account or some other arrangement agreeable to him, and that the bank's breach of this agreement entitled him to recover interest at the legal rate of six percent per annum from the time of the transfer. The bank asserts in its motion for summary judgment that the alleged oral agreement was "directly contradictory to the clear and unambiguous terms of the certificate of deposit and is, therefore, inadmissible because of the parol evidence rule." Thus the bank insists that it was entitled to keep the money for the full six years without paying interest.

■■ We do not see how the parol evidence rule can have any application to this case. The six-year term specified in the certificate was not included in any of the documents signed by Hurley at the time of the loan. His testimony raises at least a fact issue as to whether the six-year provision was inserted in the certificate unilaterally, without his knowledge or consent. The parol evidence rule presupposes the existence of a valid contract or instrument in writing purporting to cover the particular matters involved. *Thomas v. Pioneer Motors, Inc.,* 203 S.W.2d 325 (Tex.Civ.App.— Fort Worth 1947), *reversed on other grounds,* 146 Tex. 299, 206 S.W.2d 591 (1947); *Bell v. Mulkey,* 7 S.W.2d 115, 117 (Tex.Civ.App.—Amarillo 1928), *affirmed,* 16 S.W.2d 287 (Tex.Comm'n App.1929, jdgmt.

adopted). *See also* 9 Wigmore on Evidence § 2425 (3d ed. 1940); 2 McCormick & Ray, Texas Law of Evidence § 1602 (2d ed. 1956). In order to justify summary judgment on the ground that the language of the certificate excludes proof of a prior or contemporaneous oral agreement, the bank had the burden to show that the certificate was something more than a unilateral memorandum. The bank must establish as a matter of law that Hurley accepted the certificate or in some manner assented to it as an expression of the parties' agreement on this matter. This burden has not been met.

■ The bank argues that Hurley was not entitled to release of the certificate after assignment of the note because the certificate remained as collateral for the note in the hands of the assignee. Hurley does not contend that he is entitled to release of the certificate. He contends rather that as depositor of the funds he is entitled to interest in accordance with the bank's oral agreement with him. We hold that a fact issue is raised on this point.

■ The bank argues further that Hurley is not entitled to interest on the deposit because the money did not belong to him but to Curtis Publishing Company, which had advanced it to him in connection with a lease on an airplane. In our view the source of the money is immaterial. The bank first received the money as a deposit in Hurley's bank account and then credited it to him in a certificate of deposit payable to his order. Any dispute between Curtis and Hurley concerning this money or the interest on it is a matter between them and cannot affect the bank's liability under its agreement with Hurley.

The judgment is affirmed insofar as it denies any recovery for usury. Otherwise it is reversed and remanded for further proceedings.