## 55044. PINSON et al. v. CITIZENS & SOUTHERN NATIONAL BANK.

BIRDSONG, Judge.

Usury. Appellee bank advanced certain loans to appellants, who brought suit against the bank alleging the interest on these loans to be usurious. From the grant of summary judgment in favor of the bank, this appeal was brought. *Held:*

1. The evidence shows that the appellants, at all times pertinent, were partners in the business of real estate development, purchasing property and constructing single-family residences. In furtherance of this endeavor, appellants obtained from the bank several construction loans, only two of which are at issue. These notes, each in the amount of $50,200 and bearing a stated interest of 9-3/4% per annum, were respectively secured by two deeds to secure debt conveying to the bank certain real property. The bank reserved a commitment fee in the amount of $1,004 from the principal sum advanced pursuant to each of these notes.

There is no dispute concerning the fact that appellants failed to make any payment whatsoever in satisfaction of either the principal or interest owing on the

notes. Rather, appellants contend that the loan commitment fees reserved by the bank were usurious and therefore recoverable under the provisions of 12 USCA § 86.

2. Appellants are correct in their assertion that federal usury laws are applicable to the appellee, a national bank. See Evans v. Nat. Bank, 251 U. S. 108 (40 SC 58, 64 LE 171). However, even assuming, without deciding, that commitment fees are includable in the computation of interest, the Supreme Court of the United States has conclusively stated that deductions or reservations of interest retained in advance by a lender ". . . are not treated as payments. They do not come out of the debtor's pocket, though they lessen the amount which he receives when the loan is made, and when sued he may plead usury and escape liability for the amount thus charged or retained. But, such reservation by the bank, not being a payment made by the debtor, he, of course, cannot avail himself of the right to maintain a suit given only to those who have paid interest." McCarthy v. First Nat. Bank, 223 U. S. 493, 499 (32 SC 240, 56 LE 523). See First Nat. Bank in Mena v. Nowlin, 509 F2d 872 (8th Cir. 1975), where the court cited McCarthy, supra, for the proposition that ". . . *actual payment* of usurious interest is required in order for a debtor to qualify for the federal interest penalties of double the amount of interest paid." (Emphasis supplied.) Id., p. 881.

It is uncontested that the amount of money received from the foreclosure sale (under the respective deeds to secure debt) fall short of the face amount of the notes, even after the deduction of the commitment fees. This deficiency is even greater, of course, when attorney fees, authorized by the notes and by the law, are added to the amount of the note. Clearly, then, even assuming, without deciding, that the commitment fees would constitute interest, appellants have not made a single "payment" of interest, as contemplated by 12 USCA § 86, such that a penalty would be authorized. Accordingly, the grant of summary judgment in favor of the bank was not error.

3. Appellants contend that factual issues exist as to certain other loans made by appellee bank. However, this

contention is supported by neither argument nor citation of authority and is therefore deemed abandoned. *Haskins v. Jones,* 142 Ga. App. 153 (235 SE2d 630).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

Argued January 17, 1978 — Decided March 14, 1978.

*Stephen M. Pavuk,* for appellants.
*Alston, Miller & Gaines, Orinda D. Evans, Peter M. Degnan,* for appellee.