## DAINGERFIELD NATIONAL BANK *v.* RAGLAND.

ERROR TO THE COURT OF CIVIL APPEALS FOR THE FOURTH JUDICIAL DISTRICT OF TEXAS.

No. 200. Submitted March 18, 1901.—Decided April 8, 1901.

*Brown* v. *Marion National Bank*, 169 U. S. 416, followed on the point that " if an obligee actually pays usurious interest as such, the usurious transaction must be held to have occurred then, and not before, and he must sue within two years thereafter."

THE case is stated in the opinion of the court.

*Mr. J. M. Turner* for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court.

At various times between January 1, 1895, and May 22, 1896, the defendant in error, G. W. Ragland, with sureties, executed promissory notes to the Daingerfield National Bank, for various sums of money loaned to said Ragland. The bank was a national banking association doing business in Daingerfield, Morris County, Texas. Each original note embraced not only the amount of the loan but interest to the date of maturity of the note, calculated at a rate higher than that allowed by law. Certain of the notes were renewed from time to time, the additional interest for the extended period being added, calculated

also at a usurious rate. The first payment made upon any of the notes so executed was on November 1, 1896, and all the notes were fully paid prior to February 14, 1898.

On March 28, 1898, Ragland filed a petition in the district court of Morris County, Texas, to recover twice the amount of the interest so as aforesaid paid by him, basing his right to recover upon the provisions of section 5198 of the Revised Statutes of the United States. After deducting as an offset the amount of a note executed by Ragland which had been assigned to the bank by the payee thereof, there was found due to Ragland upon the cause of action stated in his petition the sum of $252.05, and for that amount with interest judgment was entered in favor of Ragland in October, 1898. On appeal to the Court of Civil Appeals the judgment was affirmed, and a motion for rehearing was overruled. 51 S. W. Rep. 661. An application made to the Supreme Court of Texas for an allowance of a writ of error was dismissed for want of jurisdiction. Thereafter the Chief Justice of the Court of Civil Appeals allowed a writ of error, and the case is now here for review.

In the assignments of error contained in the record it is conceded by counsel for the plaintiff in error, and the record fully establishes, that the interest, the subject of this controversy, was paid to the plaintiff in error less than two years before Ragland commenced his action. The sole contention in this court is that the courts of Texas erroneously held that the limitation of the statute did not begin to run until the usurious interest was paid. That the courts below, however, did not commit error in this regard is shown by *Brown* v. *Marion National Bank*, (1898) 169 U. S. 416, where, construing sections 5197 and 5198 of the Revised Statutes, it was held that the "usurious transaction," from the date of which the limitation of the statute begins to run, is the time when the usurious interest was actually paid, and not the time when it was *agreed* that it should be paid. This refutes the argument relied on at bar, that the inclusion of the usurious interest as principal in the notes amounted to payment of the interest within the meaning of the statute.

*Judgment affirmed.*