GUNTER v. MERCHANT et al. 
(No. 66–2815.)

(Commission of Appeals of Texas, Section B. June 21, 1919.)

1. USURY ⬥⬥142(3)—RECOVERY OF PENALTY—PLEADING—SUFFICIENCY OF PETITION.

A petition *held* to allege that defendant loaned plaintiffs $6,800 for one year, and took their note for $8,000 incorporating therein $1,200 as interest for the use of the $6,800, and that the supplemental petition admits that they only paid on the note $6,600, so that, usurious interest not having been actually paid, the petition does not show a cause of action for penalty for usury under Vernon's Sayles' Ann. Civ. St. 1914, art. 4982.

2. USURY ⬥⬥142(4)—RECOVERY OF PENALTY—EVIDENCE TO ESTABLISH PAYMENT.

Evidence *held* not to establish payment of usurious interest so as to entitle plaintiff to recover penalty under Vernon's Sayles' Ann. Civ. St. 1914, art. 4982.

3. BILLS AND NOTES ⬥⬥534—COLLECTION OF NOTE—ATTORNEY'S FEE—ACTING AS TRUSTEE IN MORTGAGE.

An attorney having a paper for collection is not precluded from acting as trustee in the instrument creating the lien on the security, and the fact that he acted as such trustee would not prevent him from collecting the attorney's fees provided for on the face of the note.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by S. W. Merchant and another against W. M. Gunter. Judgment for plain-

tiffs, and defendant appealed to the Court of Civil Appeals, where the judgment was affirmed, and motion for rehearing was overruled (172 S. W. 191), and a rehearing was denied (173 S. W. 260), and defendant brings error. Judgment of the Court of Civil Appeals and of the district court reversed, and judgment rendered for defendant.

S. C. Autry and Lee Upton, both of San Angelo, for plaintiff in error.

Hill, Lee & Hill, of San Angelo, for defendants in error.

SADLER, J. For convenience, the parties will be designated as in the district court.

The plaintiffs, Merchant et al., filed this suit in the district court of Tom Green county, Tex., to recover from the defendant, Gunter, $2,400, alleged to be double the amount of usurious interest paid to defendant on a loan of $8,000. The plaintiffs allege that on March 11, 1912, they borrowed from the defendant $8,000, for which they executed their note bearing 10 per cent. interest from maturity, due one year after date, and that the defendant at the time of accepting said note reserved $800 to cover the 10 per cent. interest for one year on the $8,000, and also required the plaintiffs to pay to a Miss Talbot $400, which payment was for the benefit of and received by the defendant, and that thereby they paid at the time of the making of said loan $1,200 as interest thereon. They also allege that on the note for $8,000 they only received from the defendant the sum of $6,800, and that the difference between the $6,800 received and the $8,000 note was unlawfully and wrongfully charged, withheld, and received by the defendant as interest on said sum.

The defendant answered by general demurrer and by special exceptions to the petition, alleging its insufficiency, in that it was apparent from the petition that plaintiffs had not actually paid $1,200 on interest, but that their petition showed that such interest was incorporated in the note, and that it appeared from the petition that said note had not been paid.

Defendant also denied that he charged, collected, or received usurious interest, and denied that plaintiffs paid the $1,200, and alleged that there had never been anything paid on said $8,000 note by the plaintiffs except $6,600 paid on May 10, 1913, which amount was derived from the sale under deed of trust of certain real estate securing said note. He also by cross-action sought to recover on said note the balance due thereon, together with attorney's fees, alleging that the note fell due on March 11, 1913, and that after its maturity he placed same in the hands of an attorney for collection, and contracted to pay said attorney for his services the 10 per cent. attorney's fees called for in

the note, and that thereafter the land was sold and $6,600 collected from the sale and applied on the note. He asked for judgment for the balance due on his note, and interest, and for his attorney's fees on the entire amount of the note as same existed at the time it was placed in the hands of an attorney for collection.

By supplemental petition, the plaintiffs admitted that there had only been $6,600 paid on the note, and that there remained due thereon the sum of $1,400.

· The court overruled the general and special exceptions of defendant, and on the trial, after the evidence was in, charged the jury that the $800 withheld by the defendant at the time he made the loan of $8,000, to the plaintiffs as represented by the note of plaintiffs introduced in evidence was a payment of 10 per cent. interest by the plaintiffs to the defendant for the use of $8,000 for one year. He also submitted to the jury the following questions for consideration, the answers thereto being as follows:

"(1) Did the defendant. W. M. Gunter, on or about March 11, 1912, contract and agree with the plaintiffs to loan plaintiffs $8,000.00? A. Yes.

"(2) Did defendant, W. M. Gunter, in making said loan to plaintiffs, if any, withhold at the time of making same any sum of money as interest upon said loan; and, if so, how much? A. Yes, $800.00.

"(3) Did the plaintiff pay any additional sum of money as interest upon said loan, besides the amount withheld by the defendant for the same, and, if so, how much? A. Yes; $400.00.

"(4) Was the $400.00 paid by plaintiffs to Lula Talbot paid for the benefit of defendant? A. Yes.

"(5) Did the defendant, W. M. Gunter, place the $8,000.00 note introduced in evidence in the hands of an attorney for collection, or did he place it in the hands of an attorney to have the deed of trust foreclosed? A. Placed in the hands of an attorney for foreclosure."

On this verdict of the jury judgment was rendered by the court in favor of the plaintiffs and against the defendant for $1,000, with interest at 6 per cent. per annum from December 11, 1913, and costs; the court finding on the verdict of the jury and the evidence that the plaintiffs were entitled to recover $2,400, being double the amount of usurious interest paid to the defendant for the use of the $8,000, and that the sum of only $6,600 had been paid on the $8,000. There was still a balance due on said note of $1,400 by the plaintiffs to the defendant, which, allowed as a credit on the $2,400 penalty, left a balance in favor of plaintiffs of $1,000.

Defendant filed an extended motion for new trial, raising many questions of law; but, on account of the condition of the record, the only questions that are presented sufficiently to deserve consideration are: (1) The error of the court in overruling defendant's exceptions to the petition; and (2) the sufficiency of the evidence to support the verdict. Incidentally, there is included in this the refusal of the court to allow defendant a recovery for attorney's fees.

The evidence amply sustains a finding that on March 11, 1912, in consummation of a loan procured by plaintiffs from defendant, plaintiffs executed and delivered to the defendant their promissory note for $8,000, due March 11, 1913, bearing 10 per cent. interest from maturity, and providing for 10 per cent. attorney's fees; that at the time of the delivery of said note, the defendant delivered to the plaintiffs his check for $7,200, reserving $800 on interest. That in consonance with a previous agreement between plaintiffs and Miss Talbot, to which agreement the defendant seems to have been a party, plaintiffs executed their check to her for $400, she delivering $380 of this amount to defendant, and reserving $20 for herself. The evidence sustains the finding of the jury that this $400 was paid to Miss Talbot for the benefit of the defendant, and that in this manner, in consonance with the contract, and as a part of the transaction of closing the loan, the defendant reserved from the amount of money called for in the note $1,200 as interest, and paid to the defendant. in consummation of said loan, $6,800.

It is undisputed that no payments were made on this note by the plaintiffs until after its maturity the defendant turned the note over to an attorney, with instructions to foreclose the deed of trust and collect the note, and agreed to pay said attorney 10 per cent. attorney's fees therefor. The attorney to whom the note was turned over by the defendant foreclosed the deed of trust outside of court, and collected from the sale of the property $6,600.00, which amount was credited on the note as of May 10, 1913.

On appeal by the defendant to the Court of Civil Appeals, it was held that plaintiffs' petition was sufficient as against the general and special exceptions to present a cause of action against the defendant for the recovery of double the $1,200 alleged to have been paid as interest; that the facts were sufficient to sustain the judgment of the court; that defendant was not entitled to recover attorney's fees; and affirmed the judgment of the lower court.

On application by the defendant, writ of error was granted by the Supreme Court, in view that defendant was entitled to his attorney's fees. ·Under this writ of error as presented, the questions which are before us for determination are:

(1) Was the petition of plaintiffs sufficient to present a cause of action for recovery of double the amount of interest alleged to have been paid under the penalty statute of this state on usury?

(2) Do the facts sustain the findings of the lower court and the Court of Civil Appeals.

thereby sustaining the finding of the jury that the $1,200 was actually paid in such manner as to authorize a judgment under the penalty statute?

(3) Under the pleadings and facts, was the defendant entitled to recover attorney's fees?

[1] The first question for determination is as to the sufficiency of plaintiffs' pleadings to show a cause of action under article 4982 of Vernon's Sayles' Statutes for a recovery of the penalty therein denounced. Taking plaintiffs' petition in the most favorable light—and while it is true that in one paragraph thereof they allege that they paid $1,200 as interest on a $6,800 loan, and thereby paid usurious interest to the defendant—yet when the further allegations of the petition are considered, wherein they undertake to fully show how the transaction was consummated, they clearly allege that at the time of the making of the loan they executed to the defendant a note for $8,000, due in 12 months, bearing 10 per cent. interest from maturity, and providing for attorney's fees; and that at the time, under the scheme arranged among the parties before the consummation of the transaction, they actually received from the defendant $6,800, and that he reserved to himself $1,200 as interest on the money advanced. These allegations clearly show a usurious transaction, but do they show a transaction coming within the purview of the penalty statute? We think not.

The statute provides that:

"If usurious interest * * * shall hereafter be received or collected, * * * the person or persons paying same * * * may * * * recover from the person * * * receiving the same double the amount of such usurious interest so received and collected."

The Court of Civil Appeals holds that under this statute, if the interest on the principal sum loaned is incorporated in a note, and is witheld by the lender at the time of the loan, although the makers of the note may not pay same, and may pay only the principal sum due on the note, yet this reservation by the lender constitutes such a payment of interest by the borrowers as entitles them to recover the penalty provided for in the statute. The question then resolves itself into this: Does the transaction as presented show an actual payment of the usurious interest by the plaintiffs? We think not.

Clearly, under the pleadings, $800 never in fact passed out of the possession of the defendant, and never in fact passed into the possession of the plaintiffs. Neither the title nor the possession of this $800 ever vested in the plaintiffs in such manner as that they could thereby control its application and use it in repayment to the defendant. That portion of the pleadings, therefore, is no more than a simple allegation that defendant reserved $800 as interest, which was incorporated into a note by the plaintiffs. As to the $400, the pleadings clearly allege that this was paid under a scheme agreed to among the parties, and in such manner as to amount to a reservation, their allegation being, as the result of the facts pleaded by them, that they in fact received from the defendant only $6,800, and that he, by reason of the arrangement, reserved $1,200 as compensation for the use of the $6,800.

We are clearly of the opinion that the petition amounts to no more than an allegation that defendant loaned plaintiffs $6,800 for one year, and took their note for $8,000, due in one year, incorporated therein $1,200 as interest for the use of the $6,800 and that in fact plaintiffs themselves did not actually pay this interest, since they do not allege in the petition, and do not show, that they paid the note, but do in their supplemental petition admit that they only paid on the note $6,600, being $200 short of the original sum received by them.

In Rosetti v. Lozano, 96 Tex. 57, 70 S. W. 204, our Supreme Court held that where it appeared from the facts that Rosetti loaned to Lozano $200, taking note for $235, dated January 4, 1899, and reserved $35 as interest; and that thereafter on July —, 1899, Lozano paid $17.50 on interest, and thereafter made four other payments of $17.50 on the interest, making his total actual payments $87.50, Lozano was entitled to recover double the interest actually paid. The $35 reserved in the original transaction was not an issue, since it was not paid; the original note remaining unpaid. The double recovery permitted was only for that amount of interest actually paid.

In Clayton v. Ingram, 107 S. W. 880, the plaintiff took a note for $175, delivering to the borrower $150. On a suit for recovery of double the interest paid, the Court of Civil Appeals held that the appellee merely contracted for usurious interest, and has not collected anything from appellant, and therefore the court did not err in refusing to allow the collection of the penalty in double the interest.

In Cassidy v. Scottish-American Mortgage Co., 27 Tex. Civ. App. 211, 64 S. W. 1023, the Court of Civil Appeals held that Mrs. Cassidy was not entitled to recover the penalty, since it appeared that she had not actually paid the interest. The facts in that case are these: On July 27, 1892, Mrs. S. J. Cassidy, under whom plaintiff held as devisee or as heir, executed a note for $1,000, bearing 10 per cent. interest, payable semiannually, due November 1, 1894. The semiannual interest on this note was paid as it fell due. On January 23, 1894, a renewal note was given for $2,000, due November 1, 1895, bearing 10 per cent. interest, payable semiannually. This note was in renewal and extension of the

principal of the $1,000 note, and covered $175 in cash advanced, the balance of the note being for interest. On November 1, 1895, a new note for $2,300, bearing 10 per cent. interest, was executed, covering the $2,000 note and $300 accumulated interest thereon. On June 10, 1897, a $3,000 note, with 10 per cent. interest, due November 1, 1902, was executed, paying the $2,300 note, accrued interest, and some taxes and insurance. On November 9, 1898, one J. H. Pope, alleged to have been acting for the maker of the note, paid to the holder thereof $3,630.88, in full of the $3,000 note.

The plaintiff alleged in her petition that the actual amount received on the notes evidenced in the above transaction by her ancestor was $1,175. The $3,630.88 paid was by the execution by Pope to the Scottish-American Mortgage Company of a new note covering the amount with interest. The plaintiff sought to recover double $2,455.88 paid as usurious interest. The court held in that case that the plea was subject to special exception, not showing payment of the interest.

In Holcomb v. Ely (Civ. App.) 155 S. W. 695, Holcomb loaned Ely $237 at 10 per cent. interest, and took his note for $257, due in 12 months. Ely paid $240 on this note. Holcomb sued for balance due on the note. Ely reconvened for double the usurious interest. The Court of Civil Appeals held that Holcomb was entitled to recover $6, being double the $3 paid in excess of the money borrowed.

In First National Bank of Jacksboro v. Lasater, 196 U. S. 115, 25 Sup. Ct. 206, 49 L. Ed. 408, the Supreme Court of the United States held, in construing the penalty statute of the United States touching usurious interest, that where usurious interest was included in a note given in renewal of a note bearing usurious interest, a recovery under the penalty statute could not be had until usurious interest was actually paid, and including the interest in a renewal note was not payment.

In National Bank of Daingerfield v. Ragland, 181 U. S. 45, 21 Sup. Ct. 536, 45 L. Ed. 738, the Supreme Court of the United States makes the same holding.

In Brown v. Bank, 169 U. S. 416, 18 Sup. Ct. 390, 42 L. Ed. 801, the Supreme Court of the United States holds that giving an additional note for the usurious interest is not a payment which will sustain a suit for the penalty.

In Allen v. Bank, 175 S. W. 485, the Court of Civil Appeals holds that where the face of the note exacting usurious interest has not been fully paid, and all payments made have been applied on principal, the penalty for usury cannot be recovered, since such penalty is only recoverable where the usurious interest has actually been paid.

The Court of Civil Appeals cites in support of its conclusion Stout v. Bank, 69 Tex. 384, 8 S. W. 808, but in that case the Supreme Court says:

"The evidence leaves no doubt that the notes referred to in the third and fifth findings were given for interest charged at the rate of 15 per cent., and that the payments credited thereon were made by the appellants and received by the appellee as interest."

Here the court was passing solely on the question of a recovery, where it appeared from the facts that the interest had in fact been paid.

In the case of Taylor v. Shelton, 134 S. W. 302, the conclusion of the Court of Civil Appeals is based on a finding by the trial court that Taylor actually paid the usurious interest. There are no facts in this case supporting the theory that retention was had of the interest by way of discount, or that in fact payment had not been made.

In Baum v. Daniels, 55 Tex. Civ. App. 275, 118 S. W. 754, the interest shows to have been paid. True, the opinion says that where the loans were made, sometimes the interest was paid by discount, and sometimes in cash by check, but it appears from the facts in that case, as shown in the opinion, that the notes, principal and interest, were paid and in Baum's hands when he sued for the penalty.

Section 5198 of the Revised Statutes of the United States (U. S. Comp. St. § 9759) is to the effect that—

"The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section * * * shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid * *. * may recover back * * * twice the amount of the interest thus paid."

Under this statute the Supreme Court of the United States has uniformly held, and our Supreme Court has followed it, that the reservation by a banking corporation of the interest at the time of making a loan is not such a payment as will sustain a suit to recover the penalty, unless the note given has been paid. In determining the question of limitation as applying to recovery for penalty, the Supreme Court of the United States, and of our state, held that where usurious interest has been held out in the original transaction, and is incorporated into the note, the period of limitation for the recovery of the penalty does not begin to run until the actual payment of the note. We are therefore of the opinion that the special exception to the petition of the plaintiffs should have been sustained, and that the Court of Civil Appeals and the lower court erred in failing so to do.

[2] We are further of the opinion, in view of the pleadings and the evidence, that the facts developed on the trial of this case are such as show that the plaintiffs did not in fact pay the usurious interest, and did not establish a right to recover the penalty. Plaintiffs admit that they only paid $6,600 on the note, which left a balance of $200 due on the principal. There is no denial, and the evidence is uncontradicted, that the plaintiffs did not pay any part of the principal sum due on the note prior to the time the same was by the defendant placed in the hands of an attorney, with instructions to foreclose and collect his money, and that at that time the note was past due.

[3] The jury finds that the note was placed in the hands of an attorney by the defendant for foreclosure. An examination of the statement of facts shows that the defendant testified as follows on this subject:

"After this note became due * * * they hadn't paid it, and the bank notified Mr. McConnell and Mr. Merchant both that day, and also Mr. Smith, the man they traded the land to, and he assumed the note, and I notified him, and I went and saw old man McConnell about it, and he told me that Mr. Smith—I believe his name was Smith—said he had plenty of property here to pay it, and I found out right straight that Smith had no property here, and slipped away with what property he did have, and then I put the note in the hands of Mr. Autrey for collection, to sell the land and get my money, and I told Mr. Autrey he could have the attorney's fee marked in the face of the note, 10 per cent. This note was placed in the hands of Mr. Autrey for collection before the 10th day of May, 1913, because I told him—it was placed in Mr. Autrey's hands before the land was sold; he advertised it, I could not recollect the exact date. I received $6,600 on this note, just what they bid in the property for at the time of the sale. I received the money two or three days after the sale."

On cross-examination.

"It is true I turned this note over to Mr. Autrey to have a sale of that property made, and I told him to advertise it and sell it; that is the purpose for which I turned it over to him, and I wanted to collect my money and make a sale of the property under the deed of trust. * * * I don't remember when Mr. Autrey was appointed trustee to make the sale under the deed of trust. I turned it over to him and the note, and told him—and he was to have 10 per cent., what the note calls for. I don't know that I ever read that deed of trust, and don't know what commission it called for. I don't know whether I turned it over to him to get the commission called for in the deed of trust or not.

"Q. Don't you know you turned it over to him in order to make the sale for the 5 per cent. commission? A. No, I turned it over to him to get my money; that wasn't my business; I don't know what commission you get at all."

So far as we have been able to find, after a diligent search of the record, this is all of the testimony with reference to the question of attorney's fees.

In our view of this evidence, it uncontradictedly shows that the defendant, after the maturity of the note in question, turned it over to his attorney, with instructions to have the deed of trust foreclosed in the collection of the note. The evidence, to our minds, clearly establishes that defendant turned over the note to his attorney for collection, agreeing to pay him the 10 per cent. attorney's fees called for in the note; and, even though he may have instructed him to foreclose the deed of trust, that would not militate against the proposition that he had in mind the collection by his attorney of the indebtedness due by the plaintiffs. The jury finds that the note was turned over for foreclosure, and clearly that is true; but, while it is true that it was turned over for foreclosure, it is none the less true, from the testimony, that it was also for collection.

There is no contention by the parties at interest in this litigation, nor is there anything in the record which in any manner indicates that the entire consideration for which the land was sold was not credited on the note and delivered to the defendant. There is no evidence in the record that the trustee who may have sold the land retained the commission, or that any commission was provided for in the deed of trust. R. W. Brown was trustee in the deed of trust, and it is not clear from the record just who made this sale; but it can perhaps be gathered from the testimony that Mr. Autrey, under substitution as trustee after obtaining the note, sold the land under the deed of trust, and that he did, as trustee and as attorney, turn over to the defendant the total price bid for the property, since the uncontradicted evidence shows that the defendant received and credited the note with the entire amount bid at the sale. We do not understand that the attorney who may have paper for collection is precluded from acting as trustee in the instrument creating the lien on the security; nor do we understand that that fact would prevent him from collecting attorney's fees, provided for in the face of the note held for collection.

We are therefore of the opinion that the uncontradicted evidence in this record establishes that the defendant did deliver this note and his deed of trust to his attorney for collection, and contracted to pay the 10 per cent. attorney's fees called for in the paper.

We are therefore of the opinion that the defendant, under the facts as disclosed in this record, is entitled to recover from the plaintiffs the attorney's fees on the original amount of money loaned by him to them, to wit, $6,800, and also are of opinion that under this record the defendant is entitled to recover from the plaintiffs the difference between the $6,600 paid and the $6,800 loaned,

or $200, making a total recovery in favor of the defendant against the plaintiffs of $880, with interest thereon at the rate of 6 per cent. per annum from date of judgment.

We, therefore, recommend that the judgments of the Court of Civil Appeals and of the district court be reversed, and that judgment be here rendered in favor of the defendant and against the plaintiffs for the sum of $880, with interest, together with all costs of suit.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.