## CRONKLETON v. HALL.

### No. 9647.

Circuit Court of Appeals, Eighth Circuit.
July 10, 1933.

Rehearing Denied Aug. 28, 1933.

R. O. Canaday and P. E. Boslaugh, both of Hastings, Neb. (E. P. Nuss, of Hastings, Neb., on the brief), for appellant.

Maxwell V. Beghtol, of Lincoln, Neb. (Glen H. Foe and J. Lee Rankin, both of Lincoln, Neb., on the brief), for appellee.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and DEWEY, District Judge.

KENYON, Circuit Judge.

This action was brought by appellee against the First National Bank of Hastings,

Neb., to recover double the amount of interest paid to said bank on a $55,000 loan to the appellee and his brother, S. M. Hall. As the bank was placed in receivership after the trial, the receiver was substituted as party defendant, which substitution for convenience in designation of the parties will be disregarded, and they will be termed plaintiff and defendant as in the trial court.

The statutory provisions upon which the action is based are as follows:

"Rate of interest on loans, discounts and purchases. Any association may take, receive, reserve, and charge on any loan or discount made, or upon any note, bill of exchange, or other evidences of debt, interest at the rate allowed by the laws of the State, Territory, or District where the bank is located, and no more, except that where by the laws of any State a different rate is limited for banks of issue organized under State laws, the rate so limited shall be allowed for associations organized or existing in any such State under this title. When no rate is fixed by the laws of the State, or Territory, or District, the bank may take, receive, reserve, or charge a rate not exceeding 7 per centum, and such interest may be taken in advance, reckoning the days for which the note, bill, or other evidence of debt has to run. And the purchase, discount, or sale of a bona fide bill of exchange, payable at another place than the place of such purchase, discount, or sale, at not more than the current rate of exchange for sight drafts in addition to the interest, shall not be considered as taking or receiving a greater rate of interest." 12 USCA § 85 (R. S. § 5197).

"Usurious interest; penalty for taking; venue of suit. The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: Provided, That such action is commenced within two years from the time the usurious transaction occurred." 12 USCA § 86 (R. S. § 5198).

Under the statutes of Nebraska in force at the time the matters here in issue arose, the maximum rate of lawful interest which could be agreed upon by the parties was 10 per cent., and the legal rate of interest in the absence of agreement was 7 per cent. Compiled Statutes Nebraska 1929, § 45-102.

A jury was waived by a duly filed written stipulation.

The court made findings of fact, among which were: That plaintiff and his brother on February 6, 1926, borrowed from defendant the sum of $55,000; that the amounts paid by plaintiff to the defendant on said loan, extending over a period of nearly five years, amounted to $55,000 as principal, and $11,-599.97 as interest.

Certain especially important findings of fact we set forth:

"(5) That when the defendant received the payment of $1,000.00 on November 25, 1930, it took, received and charged more than 10% per annum on said borrowed money, and that all payments of interest on and after November 25, 1930, were usurious and were greater than the lawful rate within the State of Nebraska.

"(6) That the total amount of interest paid by the plaintiff to the defendant upon said loan amounted to $11,599.97.

"That at the time the greater rate of interest was received, taken, reserved and charged by the defendant, the defendant knew that said payments exceeded the lawful rate of interest which could be charged by the defendant and knew that said payments were usurious and unlawful."

The court entered judgment for twice the amount of interest paid, viz., $23,199.94.

Defendant during the progress of the trial made no request for findings of fact or conclusions of law. The judgment was entered on July 2, 1932. On July 7, 1932, defendant filed request for certain findings of fact, and on July 23, 1932, filed request for conclusions of law. The court denied the requests, and an exception was allowed. These requests and the rulings thereon do not appear in what purports to be a bill of exceptions filed in the trial court on November 28, 1932, and in this court on January 13, 1933.

We therefore have the situation presented of an action at law where the jury is waived by written stipulation and no requests for findings of fact or conclusions of law are made by defendant until after judgment has been entered and the trial completed. Such requests were not timely and are of no avail.

In Southern Surety Co. of Des Moines, Iowa, v. United States (C. C. A. 8) 23 F.

(2d) 55, 59, this court said: "Where no request for findings or for modifications of findings were made until subsequent to the close of the trial, it is too late, after the court has filed its findings and its conclusion that judgment must be entered for the plaintiff, to except to the rulings on issues tried, and subsequent requests and rulings thereon are discretionary and not subject to review." Also on page 58 of 23 F.(2d): "The trial of an action at law by a federal court without a jury ends when, after full hearing, the issues of fact and law are submitted to the trial judge for decision." McPherson v. Cement Gun Co., Inc. (C. C. A. 10) 59 F.(2d) 889; United States v. Atchison, T. & S. F. Ry. Co. (C. C. A.) 270 F. 1.

In Federal Intermediate Credit Bank of Omaha v. L'Herisson (C. C. A. 8) 33 F.(2d) 841, Judge Booth collated the typical cases from this circuit bearing on these questions. Repetition thereof is unnecessary. Applying the rules of these decisions to the situation here presented limits the review of this court to a narrow field.

The main assignments of error seek to raise a number of questions, viz.:

■ 1. The alleged insufficiency of the evidence to sustain the findings and the judgment.

We are precluded from reviewing this from the fact that no motion was made by the defendant for judgment, or timely requests for special findings of fact or conclusions of law. United States v. Douglas, Buchanan & Crow, Inc., et al. (C. C. A. 8) 61 F.(2d) 821. The question was in no way presented to the trial court. An attempt was made to show that there were two separate transactions involved, in one of which a Chicago bank and not the defendant was the lender. Consideration of that question is precluded by the finding of the court that plaintiff and his brother borrowed of defendant the single amount of $55,000, and that plaintiff paid the interest upon the loan.

■ 2. That plaintiff and his brother were partners or joint adventurers in the original borrowing, and that consequently there is a misjoinder of the necessary party plaintiffs. The action under section 86, 12 USCA, is not given to the parties to the original borrowing, but to the person by whom the interest has been paid or his legal representative. The cause of action is not to the makers of the note on which it is claimed usurious interest is paid. It is to the one who actually makes such payment, and the finding here that

plaintiff paid the defendant the interest stands as an established fact. The sufficiency of the evidence to sustain it is not open to our review. As the record stands, there is no misjoinder.

3. The third point raised by the assignments of error relates to the alleged expiration, as to the payments of interest made prior to August 18, 1929, of the two-year period of limitation attached by R. S. § 5198 (12 USCA § 86), supra, as a condition of the right of recovery there provided.

■ Where, in the trial of a case without a jury, there are special findings, an appellate court may always determine whether the special findings support the judgment. Federal Intermediate Credit Bank of Omaha v. L'Herisson, supra (C. C. A.) at page 843 of 33 F.(2d); 23 USCA § 875. To do this it is often necessary for the appellate court to determine whether the special findings, which are necessarily findings of primary fact, support the conclusion of ultimate fact or of law upon which the judgment is based. St. Paul Abstract Co. v. Commissioner of Internal Revenue (C. C. A. 8) 32 F.(2d) 225. This question is therefore before us on the record.

It seems to have been the theory of the court that the usurious payment on November 25, 1930, and the payments thereafter, taken in connection with the previous payments, made the entire interest payment in excess of the lawful rate in Nebraska, resulting in a forfeiture of all the interest from the inception of the entire matter and the recovery of the statutory penalty. Our trouble with this is that the court did not find that the usurious transaction commenced with the loan. It made no findings as to bonuses paid, and its holding, that the payment of $1,000 on November 25, 1930, resulted in charging more than 10 per cent. per annum on the borrowed money, and that payments of interest after that date were usurious, amounted to an implication at least that payments before that date were not usurious. In other words, made the court's finding that the payments of interest up to the 25th of November, 1930, were legal, and after that they were usurious. The crux of the whole matter boiled down is whether the court's findings justify including the payments prior to November 25, 1930, within the taint of usury.

■ Under section 86, 12 USCA, where any payment of interest is made on a usurious loan or transaction, a separate cause of action immediately arises for the recovery of double its amount, on which the two-year period of

limitation immediately begins to run. The cases so hold. In McCarthy v. First National Bank of Rapid City, South Dakota, 223 U. S. 493, 32 S. Ct. 240, 56 L. Ed. 523, the Supreme Court expressly stated its own former holding in McBroom v. Scottish Mortgage & Land Investment Co., 153 U. S. 318, 14 S. Ct. 852, 856, 38 L. Ed. 729, to the effect that under a New Mexico usury statute no cause of action to recover back payments of interest arose "until the lender has actually collected or received more than the original debt, with legal interest," to be inapplicable to the cause of action arising under R. S. § 5198 (12 USCA § 86); and held that with respect to the latter the two-year period of limitation begins to run neither from the date of the loan nor the date of the satisfaction of the debt, but "from the date interest is paid." It clarified its meaning further by the statement, page 499 of 223 U. S., 32 S. Ct. 240, 241, that: "When the debtor actually makes a payment, as interest, and the bank knowingly receives and appropriates it as such, the usurious transaction is complete, the right of the one and the liability of the other is fixed, the cause of action arises, and the statute of limitations begins to run. There is no locus penitentiæ. That privilege is only granted to those banks which, having charged usury, may, by a refusal to accept interest when tendered, show that they will not carry the illegal contract into execution, and thus escape the twofold penalty." See, also, Brown v. Marion National Bank, 169 U. S. 416, 18 S. Ct. 390, 42 L. Ed. 801; Daingerfield National Bank v. Ragland, 181 U. S. 45, 21 S. Ct. 536, 45 L. Ed. 738; Baker et al. v. Lynchburg Nat. Bank et al., 120 Va. 208, 91 S. E. 157, 161.

Payments of interest are not ordinarily "taken" or "received" except in accordance with a rate "reserved" or "charged" in the original contract by which the loan was made; and if that rate be unlawful, all payments of interest in accordance therewith from the very inception of the contract are tainted with and affected by the usury. In determining the rate "reserved" or "charged" in the original contract, the taking of a "bonus" or "commission" by the lender, or the adding of a sum to the principal of the loan over and above the amount lent, may enter in to render an otherwise lawful rate unlawful and usurious. Pitts v. Pease et al. (C. C. A. 5) 39 F. (2d) 14; O'Toole et al. v. Meysenburg et al. (C. C. A. 8) 251 F. 191. But where, by the original contract, the rate agreed to be paid is a lawful rate, or where no rate at all has been agreed to be paid, and the loan thus carries with it the "legal" rate, the subsequent "taking" or "receiving" of interest in excess of the amount payable at the lawful rate, or the "legal" rate, as the case may be, does not, we think, relate back under R. S. § 5198 (12 USCA § 86), supra, so as to allow a right of recovery for double the amount of all the prior payments which were lawful and proper when made. A contract nonusurious in its inception is not rendered usurious ab initio by a subsequent transaction, see Huntsman v. Longwell (C. C. A. 5) 4 F.(2d) 105, though it may no doubt be affected in future so as to result in forfeiture of "the entire interest" not yet lawfully paid which was agreed to be paid or which the contract carried with it, and in a right of action for the recovery back of double the amount of all actual payments of interest which were in fact usurious. But to hold that the subsequent taking of usury may relate back under R. S. § 5198 (12 USCA § 86), supra, so as to include in the measure of recovery all prior payments which were not made pursuant to an unlawful rate, and were not in fact usurious, would be such a strained interpretation of that statute as should not be made, in the absence of the clearest of language requiring that result.

The District Court in its conclusions of law, and plaintiff in argument, rely somewhat upon First National Bank v. Watt, 184 U. S. 151, 22 S. Ct. 457, 46 L. Ed. 475, as authority for the judgment for twice the amount of all interest collected on the loan. We do not think that case controlling. The issue there was whether twice the amount of the exacted interest could be recovered, or only twice the amount of interest in excess of what would be a legal rate. As there is nothing here from which we can say that illegal interest was exacted before November 25, 1930, and nothing to show what the contract prior to that time with relation to interest was, the case is no authority for the position taken. Had the trial court found there was a usurious contract at the inception of these matters, and that all the payments made were tainted with usury, then under this case there could be recovery of twice the amount of interest paid, provided the action was commenced within the period of limitation provided by the statute. There is no finding here from which we can infer such facts. See, also, Crocker v. First Nat. Bank, 6 Fed. Cas. page 829, No. 3,397; Markson v. First Nat. Bank, 16 Fed. Cas. page 769, No. 9,097.

Plaintiff's petition is apparently very carefully and skillfully drawn, as no allega-

388

tion of any usurious transaction prior to November 25, 1930, is made. Section 6 of the petition is as follows: "(6) That upon the receipt of the payment of interest by the plaintiff above set out on the 25th day of November, 1930, in the amount of One Thousand Dollars ($1,000.00), the defendant took, received, and charged a rate of interest on said principal greater than the rate of interest said defendant was permitted to take, receive, reserve or charge on any loan upon any note by the laws of the State of Nebraska, to-wit, greater than the sum of ten per centum per annum. That said payment of said interest became greater than said lawful rate and became the greater rate of interest by reason of the payment of One Thousand Dollars ($1,000.00), on November 25, 1930, and that said payment of interest and all payments of interest herein referred to were made by the plaintiff."

It is probable that counsel did not desire to plead so as to show that certain payments might be barred by the two-year period of limitation, that is, payments of interest made prior to August 18, 1929. It is probably true that all of these payments were usurious. We have no way of knowing from the record before us whether the rate agreed upon for the loan and in accordance with which the payments were presumably made was or was not usurious. The statement of amounts paid on the principal and as interest covering a period of some five years do not in themselves show usury. That there was some bonus agreed upon is apparent from the argument, but no facts as to this bonus are before us. We are bound by the pleadings and the findings of the court, are precluded from surmising or conjecturing what the situation might have been, and from presuming that all payments of interest made prior to November 25, 1930, and which for aught that appears in either the pleadings or findings were lawfully made, are in fact tainted with usury.

As the court does not find that a usurious contract was entered into between the parties in March, 1926, as the petition does not allege that the dealings between the parties were usurious in their inception, and does not allege usurious dealings before November 25, 1930, and as the findings of the court clearly are that the usury commenced with the payment of November 25, 1930, the judgment of the District Court is correct under the findings only as regards the payments of interest subsequent to November 25, 1930. The amount of these payments as appears by the finding was $2,183.70. The judgment is set aside, and the case is remanded to the trial court, with instructions to enter judgment for plaintiff for $4,367.40.

Remanded.