PEARSON, TILLMAN, Chief Judge.
The plaintiff, who was also cross-defendant, appeals a summary final judgment which dismissed his complaint and granted judgment on the counterclaim.
The appellant raises four points on appeal. The first urges that there was a genuine issue of material fact. The second and third set forth that the defendants, cross-plaintiffs, were not entitled to summary judgment because of the failure to submit to discovery. The fourth point maintains that since there were neither depositions nor affidavits in the file, defendants did not make a prima facie defense or case upon their counterclaim.
Plaintiff filed a complaint alleging an action for common-law fraud. The complaint set forth that the plaintiff had advanced the sum of $3,000 on what he considered a joint venture, and that he agreed to accept “profit” in the amount of $600 for the $3,000 loan. It was stated that thereafter he received a return of $1,300. There was attached to his complaint a note for $3,600 dated May 2, 1961, calling for six payments of $600 each as follows: May 24, May 31, June 7, June 14, June 21 and June 28, all in 1961.
Defendants’ answer admitted the transaction and alleged that it was a loan calling for interest in excess of 25%; and pursuant to the applicable sections of Chapter 687 of the Florida Statutes, F.S.A., counterclaimed for the .return of the amount repaid, plus double the interest usuriously charged. The plaintiff answered the counterclaim with a general denial and upon the hearing on defendants’ motion for summary judgment, the judgment appealed was entered.
Plaintiff-appellant takes the position that he entered into a business deal whereby he was to get a fixed and guaranteed return upon his investment, and he accepted a note for the full amount payable within two months. The transaction set forth in the complaint was clearly usurious, and the counterclaimant was entitled to his judgment as a matter of law on the basis of this pleading alone.[1] See Griffin v. Kelly, Fla.1957, 92 So.2d 515.
Affirmed.

. It is to be observed that it would have been more appropriate in the instant action to have had a motion for judgment on the pleadings granted. In view of the purpose of the rules to secure the just, speedy and inexpensive determination of every action, we are reluctant to refuse to make the proper disposition of a case because of the form of a motion.